IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WESLEY FELTS, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

STALLION OILFIELD SERVICES LTD., a Texas corporation,

     Defendant

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiff Wesley Felts, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Defendant Stallion Oilfield Services Ltd. ("Stallion").

## STATEMENT OF THE CASE

1.     The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA") and analogous state laws contain various rules regarding employee wages and working hours.  Stallion violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked.  This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Stallion for these wage violations.

1

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff, a former employee of Stallion, is an individual and resident of the State of Idaho.

3.     Defendant Stallion Oilfield Services Ltd. is a Texas corporation with its corporate offices located at 999 18th Street, Suite 1530, Denver, Colorado 80202.  At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4.     This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5.     Stallion is an oilfield service company headquartered in Denver, Colorado. Plaintiff worked for Stallion providing solids control services at various locations in North Dakota and Wyoming.

6.     Although Plaintiff was required to work more than forty (40) hours per workweek, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours.  In particular, Stallion failed to pay Plaintiff for all of his travel time to and from remote worksites.  No overtime exemption applies to Plaintiff.

7.     On information and belief, none of Stallion's non-exempt employees were paid properly for their time worked.

2

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of

himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any

modifications necessitated by discovery, Plaintiff preliminarily defines this Class as

follows:

> ALL CURRENT OR FORMER STALLION EMPLOYEES
> WHO WERE NOT PAID PROPERLY FOR TRAVEL TIME.

9.      This action is properly brought as a class action for the following

reasons:

a.      The Class is so numerous that joinder of all Class Members

is impracticable.  Plaintiff is informed and believes that the

number of Class Members exceeds one-hundred.

b.      Numerous questions of law and fact regarding the liability of

Stallion are common to the Class and predominate over any

individual issues which may exist.

c.      The claims asserted by Plaintiff are typical of the claims of

Class Members and the Class is readily ascertainable from

Stallion's own records.  A class action is superior to other

available methods for the fair and efficient adjudication of

this controversy.

d.      Plaintiff will fairly and adequately protect the interests of

Class Members.  The interests of Class Members are

coincident with, and not antagonistic to, those of Plaintiff.

Furthermore, Plaintiff is represented by experienced class

action counsel.

10.     For the foregoing reasons, Plaintiff also seeks certification of an FLSA

"opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff

because his claims are nearly identical to those of other Class Members.  Plaintiff and

Class Members are similarly situated, have substantially similar or identical job

requirements and pay provisions, and were subjected to Stallion's common practice,

policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

11.     Plaintiff incorporates by reference all of the above paragraphs.

12.     At all relevant times, Stallion has been, and continues to be, an

"employer" within the meaning of the FLSA.

13.     Stallion is an enterprise engaged in interstate "commerce" and/or in the

production of "goods" for "commerce" within the meaning of the FLSA.

14.     At all relevant times, Stallion has had gross annual volume of sales in

excess of $500,000.

15.     At all relevant times, Stallion has employed, and continues to employ,

non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action

pursuant to 29 U.S.C. §216(b).

16.     Plaintiff was an employee of Stallion within the meaning of the FLSA.

17.     While employed by Stallion, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

18.     As a result of the foregoing conduct, as alleged, Stallion has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

19.     As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of State Overtime Laws)**

20.     Plaintiff incorporates by reference all of the above paragraphs.

21.     The conduct alleged above also constitutes a violation of the laws of certain states with overtime laws analogous to the FLSA.  On information and belief, Stallion engaged in the conduct described above at locations in North Dakota, Colorado, Ohio and Pennsylvania.

22.     Therefore, Stallion violated the applicable overtime laws of these states, including the North Dakota Overtime Law, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46; the Pennsylvania Overtime Law 43 P.S. §333.101, *et seq.*; the Colorado Overtime Law C.R.S. § 8-4-101, *et seq.* and C.R.S. §8-6-101, *et seq.*; and the Ohio Overtime Law OH Rev. Code 4111, *et seq.*  In each of these states, Stallion failed to pay the overtime required by these state laws.

23.     In particular, since these Overtime Laws each contain provisions analogous or identical to the FLSA, the conduct described above also violates each of

these Laws.

24.     As a result, Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

25.     As part of discovery, Plaintiff will be requesting certain documents and information from Stallion.  Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Stallion as follows:

1.     Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.     Ordering prompt notice of this litigation to all potential Class Members;

3.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.     Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.     Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.     Awarding Plaintiff and Class Members liquidated damages and/or

statutory penalties as provided by law; and

7.      Awarding Plaintiff and Class Members such other and further relief as the

Court deems just and proper.

Respectfully submitted this 6th day of November, 2019.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## <u>DOCUMENT PRESERVATION INSTRUCTIONS</u>

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter.  This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so."  Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004).  This duty "applies to information stored in an electronic medium or format…"  *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit.  The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority in making its decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to

Defendant's compliance with the Fair Labor Standards Act and/or state laws; and

-       Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved.  Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above.  Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format.  These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence.  Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage.  In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.

## CONSENT TO BECOME A PARTY PLAINTIFF

**Complete and Mail, Text or Email to:**
ATTN: STALLION UNPAID WAGES LAWSUIT
The Law Offices of Brian D. Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone/Text: (970) 214-0562
Email: BGonzales@ColoradoWageLaw.com

By signing below, I state that I have been employed by Stallion ("Defendant") and was denied wages required by law.  I hereby consent to join this lawsuit seeking unpaid wages based on Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq.* and any applicable state laws.

I hereby designate The Law Office of Brian D. Gonzales, PLLC to represent me for all purposes of this action.

9/25/2019
_____        DocuSigned by:
Date/Signature                                      _____
                                                             E4A9B51705E24F3...

9/25/19
_____
Print **Full** Name

**\*Statute of limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

**\*\* If you do not hear from us after you return this form, please contact us to confirm receipt.**