IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03153-NYW

WESLEY FELTS, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

STALLION OILFIELD SERVICES LTD., a Texas corporation,

    Defendant

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Wesley Felts, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *First Amended Class and Collective Action Complaint* against Defendant Stallion Oilfield Services Ltd. ("Stallion").

## STATEMENT OF THE CASE

1.    The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA") and analogous state laws contain various rules regarding employee wages and working hours.  Stallion violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked.  This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Stallion for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Stallion, is an individual and resident of the State of Idaho.

3. Defendant Stallion Oilfield Services Ltd. is a Texas corporation with its corporate offices located at 999 18th Street, Suite 1530, Denver, Colorado 80202. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. This Court has original jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because the state claims are virtually identical to the federal claims – both legally and factually – and, therefore, the state and federal claims form part of the same case or controversy. Moreover, because Plaintiff's state and federal overtime claims are identical in most or all material ways, they involve no novel or complex issues of state law and the state law claims do not substantially predominate over the federal claims. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this District and, in fact, has its corporate offices and principal place of business in Denver. Moreover, given that, on information and belief, Defendant's Denver office controls and supervises the work and compensation of its employees throughout the United States, a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

5. Stallion is an oilfield service company headquartered in Denver, Colorado. Plaintiff worked for Stallion providing solids control services at various locations in North Dakota and Wyoming.

6. Although Plaintiff was required to work more than forty (40) hours per workweek, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours. In particular, Stallion failed to pay Plaintiff for all of his travel time to and from remote worksites. No overtime exemption applies to Plaintiff. The particular travel time at issue is the travel time from the homes/lodging of Stallion's employees to the worksite. This time was compensable work but was not paid correctly in violation of the FLSA and North Dakota state law.

7. On information and belief, none of Stallion's non-exempt employees were paid properly for their time worked. Stallion's pay policies were blatantly illegal and, on information and belief, the company took no steps to ascertain the validity of those policies. Therefore, Stallion cannot meet its burden to demonstrate that it acted in good faith and had reasonable grounds for believing its policies were not in violation of the FLSA and state law. Stallion knew or should have known that its policies were in violation of the FLSA and state law. In other words, Stallion acted willfully within the meaning of the FLSA and state law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of

himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER STALLION EMPLOYEES WHO WORKED IN NORTH DAKOTA AND WHO WERE NOT PAID PROPERLY FOR TRAVEL TIME WITHIN TWO YEARS OF THE FILING DATE OF THIS LAWSUIT.

9. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds one-hundred.

   b. Numerous questions of law and fact regarding the liability of Stallion are common to the Class and predominate over any individual issues which may exist. Among the questions and issues common to the Class are: 1) whether Stallion engaged in a common course of failing to compensate Class Members properly for all hours worked, including overtime; 2) whether Stallion engaged in a common course of failing to pay overtime for travel time to Class Members; 3) whether Stallion engaged in a common course of failing to maintain true and accurate time records for all hours worked by Class Members; 4) whether Stallion violated state and/or federal law; 5) whether Stallion acted willfully; and 6) the

          nature and extent of class-wide injury and the measure of compensation for each injury.

c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Stallion's own records. Plaintiff and Class Members all were paid under the same compensation plan, which is challenged in this lawsuit. Plaintiff and Class Members all were denied overtime required by law. Plaintiff's legal theories and claims are identical to those of Class Members. In particular, as described above, Plaintiff contends that Stallion engaged in a course of conduct vis-à-vis Plaintiff and other employees which violated overtime requirements. Plaintiff's claims, and those of other potential Class Members, are based on the same conduct and compensation practices, seek identical remedies, and – therefore – satisfy the typicality requirement.

d.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual claims at issue in this class action involve small amounts and, for most (all) Class Members, it would not be cost-effective to retain counsel to file an individual lawsuit. On information and belief, many of the Class Members do not have the financial means to hire counsel. The class action process would provide an opportunity that is

      otherwise not practicable or that is simply unavailable for many of the individual Class Members.  Allowing employees a cost-effective avenue to recover unpaid wages is a primary goal of the overtime laws.  The proposed class action presents no unique difficulties from a case management perspective, and – for a number of reasons – would be easier to administer than most class actions.  Most importantly, this class action involves only 100 or so employees at a single location.  Similarly, the case involves discrete violations of specific overtime statutes with easily calculable statutory damages.  As a result, as compared to many class actions involving dozens of states and thousands or even millions of class members, this class action would be quite simple to administer.

e.    Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Plaintiff and other Class Members all are current or former employees of Stallion performing the same types of non-exempt oilfield jobs.  Their claims are identical and run solely against Stallion.  Plaintiff and other Class Members do not have contractual relationships with each other, hence they

        do not have cross claims, third party claims, or claims in the nature of contribution, comparative fault, or set-off that would place them at odds with each other.  In short, their interests are identical and not in conflict.  Furthermore, Plaintiff is represented by experienced class action counsel.

10. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Stallion's common practice, policy or plan regarding employee wages and hours.  In particular, Stallion's plan for paying the travel time of its employees was identical for all employees and, therefore, these employees are "similarly situated" with regard to the question of whether the pay plan was lawful.  The proposed collective action encompasses all Stallion employees who were not paid properly for their travel time within 3 years of the filing date of this lawsuit.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

11. Plaintiff incorporates by reference all of the above paragraphs.

12. At all relevant times, Stallion has been, and continues to be, an "employer" within the meaning of the FLSA.

13. Stallion is an enterprise engaged in interstate "commerce" and/or in the

production of "goods" for "commerce" within the meaning of the FLSA.  Stallion operates in multiple states and transports goods and equipment across state lines in order to perform its work.  Moreover, Stallion requires employees like Plaintiff to travel across state lines to perform work.  Stallion deals with customers located in various states and collects payment through the interstate mail.  Stallion uses interstate telephone lines to communicate through calls, emails and the transfer of information.  Stallion orders equipment and supplies from suppliers in various states and such equipment and supplies are shipped to Stallion across state lines.

14. At all relevant times, Stallion has had gross annual volume of sales in excess of $500,000.

15. At all relevant times, Stallion has employed, and continues to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

16. Plaintiff was an employee of Stallion within the meaning of the FLSA.

17. While employed by Stallion, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

18. As a result of the foregoing conduct, as alleged, Stallion has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

19. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Violation of North Dakota's Overtime Laws, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46)

20.     Plaintiff incorporates by reference all of the above paragraphs.

21.     The conduct alleged above also constitutes a violation of the overtime laws of North Dakota, which contains provisions analogous to the FLSA.

22.     Therefore, Stallion violated the North Dakota Overtime Laws, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46 by failing to pay the overtime required by these state laws.

23.     In particular, since the North Dakota overtime law contains provisions analogous or identical to the FLSA, the conduct described above also violates each of these Laws.

24.     As a result, Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

25.     As part of discovery, Plaintiff will be requesting certain documents and information from Stallion.  Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Stallion as follows:

1.     Determining that the action is properly maintained as a class and/or

collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.Ordering prompt notice of this litigation to all potential Class Members;

3.Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7.Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2020.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority in making its decisions regarding overtime pay and recording of hours;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to

11

>   Defendant's compliance with the Fair Labor Standards Act and/or state laws; and
>
> - Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.