DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

## SETTLEMENT AGREEMENT

Subject to approval by the United States District Court for the District of Colorado (the "District Court"), Plaintiff Wesley Felts, individually and on behalf of all Plaintiffs, and Defendant Stallion Oilfield Services Ltd., agree to the terms of this Settlement Agreement ("Settlement"). This Settlement Agreement is binding upon Representative Plaintiff, Plaintiffs, and Defendant (each as defined herein).

## DEFINITIONS

1. "Action" shall mean the civil action pending in the United States District Court for the District of Colorado, captioned *Wesley Felts v. Stallion Oilfield Services, Ltd.*, Case No. 19-cv-3153-RM-NYW.

2. "Plaintiffs' Counsel" shall mean Brian D. Gonzales of The Law Offices of Brian D. Gonzales, PLLC.

3. "Representative Plaintiff" shall mean Wesley Felts.

4. "Plaintiffs" shall mean Representative Plaintiff and any other individual who filed a Notice of Consent to Sue in the Action on or before December 7, 2020; Plaintiffs are identified on Exhibit 1, hereto.

5. "Defendant" shall mean Stallion Oilfield Services Ltd.

6. "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7. "Released Parties" means Stallion Oilfield Services, Ltd., and all of its owners, predecessors, successors, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, trustees, heirs, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action.

8. "Released Period" for Plaintiffs shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement.

9. "State Wage Acts" shall mean the North Dakota Overtime Law, N.D.C.C. §34-01, *et seq.* and N.D.A.C. §46-02-07.

10. "Individual Payment" shall mean the payments made to each Plaintiff pursuant to the terms of the Settlement as set forth on Exhibit 1.

010-9259-8236/1/AMERICAS

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

## RECITALS

11.     On November 6, 2019, the Representative Plaintiff commenced this Action by filing a lawsuit in the District Court on behalf of himself and all others similarly situated to him with respect to the claims he asserted. The Second Amended Class and Collective Action Complaint, filed on June 8, 2020, is the operative complaint and supersedes the original Complaint, filed on November 6, 2019, and a First Amended Class and Collective Action Complaint, filed on January 6, 2020.

12.     In the Action, the Representative Plaintiff alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and analogous State Wage Acts, by failing to pay the Representative Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek.

13.     Defendant denies any liability or wrongdoing of any kind. The fact that Defendant is making payments pursuant to this Settlement in no way implies or concedes any financial or other responsibility or liability by Defendant.

14.     Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA and the State Wage Acts, and that the Action is appropriate for collective treatment. Defendant denies these allegations, and claims that Plaintiffs were properly compensated. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were exempt from the overtime requirements of the FLSA and/or the State Wage Acts, and if not, whether Defendant properly calculated Plaintiffs' overtime compensation.

15.     The Parties reached the proposed Settlement in this matter after extensive good faith bargaining.

16.     Plaintiffs' Counsel has conducted a thorough investigation into the facts of this Action. As part of that investigation, Plaintiffs' Counsel reviewed relevant documents, interviewed many of the Plaintiffs, and researched the applicable law and the potential defenses. Based on Plaintiffs' Counsel's investigation and evaluation, and in light of all known facts and circumstances (including the risk of significant delay, defenses asserted by Defendant, and other potential legal and factual issues), Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of all of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, Defendant's defenses and other potential legal and factual issues.

17.     This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant or the Released Parties that Plaintiffs' claims in the Action have merit or that Defendant or the Released Parties have any liability to Plaintiffs on those claims. The fact that Defendant is making payments pursuant to this Settlement in no way implies or concedes any financial or other responsibility or liability by Defendant or the Released Parties. This Settlement shall not be construed as an admission of liability at any time or for any purpose, under any circumstances. Neither this Settlement, nor

2

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

anything in it, nor any part of the negotiations that occurred in connection with the creation of this Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Settlement.

## SETTLEMENT PAYMENTS

18. **Total Settlement Amount:** Defendant will pay in connection with the Settlement an amount of One Hundred Thousand and 00/100 Dollars ($100,000.00), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Plaintiffs' Counsel's attorney's fees and expenses; and (c) the Representative Plaintiff's service award, in all, the "Total Settlement Amount". The formula used to calculate the Individual Payments is a proportionate share of the settlement amount determined by each Plaintiff's number of hitches. Defendant has provided information regarding the number of hitches and represents and warrants that this information is true and correct to the best of its knowledge, information and belief.

19. **Payments to Plaintiffs:** After payment of Plaintiffs' Counsel's attorney's fees and expenses and the Representative Plaintiff's service award, the remainder of the Total Settlement Amount will be paid to Plaintiffs in the amounts set forth on Exhibit 1, hereto. Defendant shall be responsible for delivering these checks to each Plaintiff at the address provided by Plaintiffs' counsel within fourteen (14) days after entry of an order approving the Settlement.

20. **Treatment of Plaintiffs' Settlement Payments:** One-half of the Individual Payment to each Plaintiff will be treated as payment for wages, and the other half as payment for liquidated damages. Defendant will issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099 for all amounts paid as liquidated damages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with Plaintiffs' previously elected wage withholding instructions.

Defendant shall be solely responsible for all "employer-sided" taxes required as a result of the Individual Payments, and Plaintiffs shall be solely responsible for all "employee-sided" taxes required as a result of the Individual Payments. Plaintiffs specifically agree to assume full responsibility for their share of federal, state, and local taxes and other payments, if any, owed on the total sums paid to them under this Settlement on monies other than wages. Plaintiffs further agree to indemnify and hold Defendant harmless from any taxes, penalties, interest, claims, demands, deficiencies, levies, executions, judgments or recoveries by any governmental authority asserted against Defendant because of Plaintiffs' failure to pay applicable taxes with respect to the non-wage portion of the Individual Payments or any Service Award to be paid by Defendant pursuant to this Settlement.

All Individual Payments to Plaintiffs shall be deemed to be paid to Plaintiffs solely in the year in which such payments actually occur. It is expressly understood and agreed that the receipt of such Individual Payments will not entitle Plaintiffs to any additional compensation or benefits under any agreement with Defendant currently in place and/or that was in place during the period covered by the Settlement, nor will it entitle Plaintiffs to any other type of benefit. The Parties further agree that, to the extent applicable under any employee benefit plan, the amounts paid pursuant to

3

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

this Settlement are not compensation or wages for hours worked, compensation or wages paid or earned, or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose. The Settlement will not: (a) form the basis for additional contributions to, benefits under, or any other monetary entitlement under; (b) count as earnings or compensation with respect to; or (c) be considered to apply to, or be applied for purposes of, Plaintiff's bonus, pension, and retirement programs, 401(k) plans, or any other benefit plan. It is the intent of this Settlement that the Individual Payments provided for in this Settlement are the sole payments to be made by Defendant to Plaintiffs, and that Plaintiffs are not entitled to any new or additional compensation or benefits as a result of having received the Individual Payments, notwithstanding any contrary language or agreement that might have been and/or is currently in effect during the period covered by this Settlement.

21. **Plaintiffs' Counsel's Attorney's Fees and Expenses:** Thirty-Eight Thousand, Two-Dollars and Eighty Cents ($38,002.80) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorney's fees and expenses, which shall be treated as 1099 income. Defendant shall be responsible for wire transferring this amount to Plaintiffs' counsel according to directions provided by Plaintiffs' counsel within fourteen (14) days after entry of an order approving the Settlement.

22. **Representative Plaintiff's Service Award:** In recognition of his service in bringing this action, the Representative Plaintiff shall receive a service award in the amount of $5,000, which shall be treated as 1099 income. Defendant shall be responsible for delivering this check to the Representative Plaintiff at the address provided by Plaintiffs' counsel within fourteen (14) days after entry of an order approving the Settlement.

23. **Claims Administration:** Plaintiffs' Counsel shall be solely responsible for the costs of prior claims administration services for distributing notice of the collective action and will not seek reimbursement thereof from Defendant or the Released Parties. Defendant shall be responsible for the costs of processing and delivering checks as provided herein. Except as otherwise provided herein, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of this litigation and will not seek reimbursement thereof from any party to this Settlement or the Released Parties.

## RELEASE OF CLAIMS

24. **Released Claims - Plaintiffs:** Except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Plaintiffs and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby irrevocably and unconditionally forever and fully release and covenant not to sue Defendant and/or the Released Parties from any and all past and present matters, claims, demands, and causes of action, related to any claim (including retaliation related claims), whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, including but not limited to, claims in tort or contract, implied contract, assault, battery, false imprisonment, infliction of emotional distress, libel, slander, defamation, promissory estoppel and wrongful discharge in violation of public policy, claims for retaliation, harassment,

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

discrimination or unequal pay or retaliation under state or federal law, including but not limited to claims under the Fair Labor Standards Act, the State Wage Acts, the North Dakota Overtime Laws codified at N.D.C.C. Section 34-01, et seq. and N.D.A.C. Section 46, which any Plaintiff has or might have, known or unknown, of any kind whatsoever, arising out of or connected with the facts alleged in the claims asserted or raised in the Complaints or any Amended Complaints which were pled or could have been pled in the Action. The Representative Plaintiff also expressly releases all claims and causes of action of any kind relating to his employment with Defendant.

25. **Released Claims – Representative Plaintiff:** Except as to such rights or claims as may be created by this Settlement Agreement or those nonwaivable by law, Representative Plaintiff hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendant and/or the Released Parties from any and all past and present disputes, matters, claims, demands, and causes of action of any kind whatsoever whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which Representative Plaintiff has or might have, known or unknown, of any kind whatsoever, arising from the period of time preceding the execution of this Settlement.

26. **Release of Fees and Expenses:** The payment of attorney's fees and expenses to Plaintiffs' Counsel encompasses all of the attorney's fees and expenses, incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. The Representative Plaintiff, on behalf of all Plaintiffs, hereby irrevocably and unconditionally releases, acquits, and forever discharges and covenants not to sue for any claim that they may have against Defendant and/or the Released Parties for attorneys' fees and costs associated with Plaintiffs' Counsel's representation of Representative Plaintiff or the Plaintiffs.

27. **No Other Plaintiffs or Class Members:** Representative Plaintiff represents that he has no personal knowledge of any employee or former employee of Defendant who wishes to join in this case who is not a Plaintiff, or of any other person wishing to assert any wage-related claim against Defendant or any of the Released Parties.

## APPROVAL AND DISMISSAL OF THE ACTION

28. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

29. **Joint Motion for Approval of Settlement:** Within seven (7) days of execution of this Settlement, the Parties will file the Joint Motion for Approval of Settlement Agreement and Proposed Order. If the Court does not approve the settlement, the Settlement shall be null and void.

30. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order and payment of all sums as required herein, the Action shall be dismissed with prejudice. Plaintiff Jacobsen shall be dismissed from the Action without prejudice.

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

## MUTUAL FULL COOPERATION

31. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

32. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

33. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

## AUTHORIZATION

34. The signatories hereby represent that they are fully authorized to enter into this Settlement and to bind the Parties to the terms and conditions hereof.

35. The Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement, and that this Settlement is made with the consent and advice of counsel who have jointly prepared this Settlement.

## CONSTRUCTION

36. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

37. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

010-9259-8236/1/AMERICAS

## INTEGRATION CLAUSE

38.   This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action are merged in this Settlement.

## BINDING ON ASSIGNS

39.   This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

40.   This Settlement may be executed in counterparts, and may be signed electronically. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## JURISDICTION

41.   The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement. After full payment, the Parties will file a joint motion to dismiss with prejudice.

## NEUTRAL REFERENCE FOR PLAINTIFFS

42.   In the event that Defendant's Human Resources department receives a request concerning Plaintiffs' employment with Defendant, Defendant will verify only dates of employment and job titles.

## EXECUTION BY PARTIES

Dated: 9/29/2021

WESLEY FELTS

_/s/ Wes Felts_  
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: 9-30-2021

STALLION OILFIELD SERVICES, LTD.

By: _Brian D. Baird_  
Its: _Senior Vice President, General Counsel + Secretary_

7

010-9259-8236/1/AMERICAS

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

APPROVED AS TO FORM:

| | |
|---|---|
| */s/ Brian D. Gonzales*<br>Brian D. Gonzales<br>THE LAW OFFICES OF<br>BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>BGonzales@ColoradoWageLaw.com<br><br>ATTORNEYS FOR PLAINTIFFS | */s/ Cole A. Wist*<br>Cole A. Wist (#20488)<br>SQUIRE PATTON BOGGS (US) LLP<br>1801 California Street, Suite 4900<br>Denver, CO 80202<br>cole.wist@squirepb.com<br><br>ATTORNEYS FOR DEFENDANT<br>STALLION OILFIELD SERVICES LTD. |

010-9259-8236/1/AMERICAS

DocuSign Envelope ID: 212E5B3E-157C-4648-892F-6DD7E7F5685E

## EXHIBIT 1 - SETTLEMENT AGREEMENT
*Wesley Felts v. Stallion Oilfield Services, Ltd.*
Case No. 19-cv-3153-RM-NYW

**Payments to Plaintiffs:** After payment of Plaintiffs' Counsel's attorney's fees and expenses and the Representative Plaintiff's service award, the remainder of the Total Settlement Amount will be paid to Plaintiffs in the amounts set forth on below. Defendant shall be responsible for delivering these checks to each Plaintiff at the address provided by Plaintiffs' counsel below within fourteen (14) days after entry of an order approving the Settlement. Plaintiffs' counsel may update these addresses as necessary.

| PLAINTIFFS | CURRENT MAILING ADDRESS | SSN (Last 4 Digits) | SETTLEMENT PAYMENT AMOUNT |
|---|---|---|---|
| Wesley Felts | 1470 Sunset Road, Athol, Idaho 83801 | xxx-xx-5147 | $8,226.40 |
| Augustin Montoya Jr. | 12216 Magnolia Street, El Monte, California 91732 | xxx-xx-1789 | $2,938.00 |
| Bohannann Cole | 3276 #A N 53rd Street, Milwaukee, Wisconsin 53216 | xxx-xx-4492 | $3,525.60 |
| David Challis | P.O. Box 3, Big Piney, Wyoming 83113 | xxx-xx-8488 | $1,175.20 |
| Daniel Groblebe | 704 Taggart Drive, Cheyenne, Wyoming 82007 | xxx-xx-0906 | $5,288.40 |
| Elmer Nelson | 721 Grand Avenue, Las Animus, Colorado 81054 | xxx-xx-1412 | $5,288.40 |
| Jacob Darling | 1903 South Greely Highway PMB 243, Cheyenne, Wyoming 82007 | xxx-xx-3891 | $2,938.00 |
| Jason Piercy | 7309 Troyer Drive, Cheyenne, Wyoming 820007 | xxx-xx-5620 | $9,401.60 |
| Justin Roy | 275 Horse Trot Road, Egan, Louisiana 70531 | xxx-xx-5293 | $2,938.00 |
| Richard Weinbender | 409 North Chestnut Street, Kimball, Nebraska 69145 | xxx-xx-5835 | $5,876.00 |
| Ryan Northington | 21695 South Main Street, Mediment, Idaho 83842 | xxx-xx-7453 | $1,762.80 |
| Miguel Sevilla | 3601 Alexander Avenue, Cheyenne, Wyoming 82001 | xxx-xx-3421 | $2,938.00 |
| Ernest London II | 800 Chowning Avenue, #27, Edmond, Oklahoma 73034 | xxx-xx-4484 | $587.60 |
| Stewart Gary | 3044 Grand Marais Road, Jennings, Louisiana 70546 | xxx-xx-8905 | $3,525.60 |
| Dianna Canales | P.O. Box 298, Wauseon, Ohio 43567 | xxx-xx-2959 | $587.60 |