IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03153-RM-NYW

WESLEY FELTS, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

STALLION OILFIELD SERVICES LTD.,

    Defendant.

___

## ORDER
___

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement Agreement. (ECF No. 68.) This action was brought by Plaintiff Wesley Felts on behalf of himself and other similarly situated employees of Defendant Stallion Oilfield Services, LTD. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"). The Amended Complaint alleges that Defendant failed to pay those employees the required time and one-half their regular rate of pay for their overtime hours worked. (ECF No. 13.) The Parties now seek approval of a settlement agreement. Upon review of the Motion and the record, the Court concludes that it cannot approve the settlement agreement at this time.

Although the caselaw is not entirely clear, it appears that in cases in which parties settle their FLSA claims "before the Court has made a final collective action ruling, the Court must make some final [collective action] certification finding before it can approve a collective action settlement." *Whittington v. Taco Bell of America, Inc.*, 2013 WL 6022972 at *2 (D. Colo. 2013); *see also Davis v. Crilly*, 292 F. Supp. 3d 1167, 1171 (D. Colo. 2018) (same); *Ostrander v.*

*Customer Engineering Svcs. LLC*, 2018 WL 112265 at *2 (D. Colo. 2018) (same); *but see In re Wells Fargo Wage and Hour Employment Practices Litigation*, 18 F. Supp. 3d 844, 853 (S.D. Texas, 2014) (concluding that a final class certification prior to approval of a settlement agreement was neither necessary nor appropriate).  Therefore, the Parties must file a motion to certify this case as a collective action.

The Court also notes that the Parties' Motion states that 15 of Defendant's former employees opted to join this case but that "[o]ne of those employees has been unreachable and, as a result, is being dismissed from the lawsuit without prejudice."  The Motion never names that employee, however.  Although a review of the record would allow this Court to guess which employee has been dismissed without prejudice, the Court concludes that the Parties must expressly name the individual plaintiff who is being dismissed from this action.

Based on the foregoing, it is ORDERED that the Joint Motion for Approval of Settlement Agreement (ECF No. 68) is DENIED WITHOUT PREJUDICE; the Parties shall file a Motion to Certify the Collective Action on or before March 7, 2022, before filing any Renewed Motion to Approve the Settlement Agreement; and in any Renewed Motion to Approve the Settlement Agreement the Parties shall name the Plaintiff they are dismissing from the action.

DATED this 5th day of January, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge