**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-03153-RM-NYW

WESLEY FELTS, individually and on behalf of those similarly situated persons,

     Plaintiff,

v.

STALLION OILFIELD SERVICES LTD.,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Parties' Joint Motion to Renew Consideration of Joint Motion for Approval of Settlement Agreement (ECF No. 74) and their Joint Motion for Approval of Settlement Agreement (ECF No. 68). Upon consideration of the motions, the court record, and the applicable rules and case law, and being otherwise fully advised, the Motions are GRANTED.

## I.     BACKGROUND

The named Plaintiff, Wesley Felts, is a former employee of the Defendant, Stallion Oilfield Services, Ltd. ("Stallion"). Felts, along with the other members of the collective action, worked for Stallion in its northern region. The members were classified as non-exempt employees, and they did not receive pay for certain travel time associated with multi-day hitches. The Plaintiffs alleged that the travel time took place during normal working hours and was therefore compensable as overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (EFC No. 40.) Stallion disputed that the FLSA required it to pay its employees regular or

overtime compensation for travel time from home to work, asserting that such a requirement was eliminated by the Portal-to-Portal Act, 29 U.S.C. §254.  (ECF No. 16.)

Pursuant to the Parties' stipulation, the Court conditionally certified the case as a collective action pursuant to the FLSA, 29 U.S.C. § 261(b) for the purposes of providing notice to the prospective members of the collective action.  (ECF No. 49.)  The Court also approved a Notice and Opt-in Consent to Join Form to be sent to the members of that collective.  After the Parties sent the notice, 15 individuals opted in to join the action.  The Parties were subsequently unable to reach one of the Opt-in Plaintiffs, Jerry Jacobsen, and so they agreed to dismiss him from the action without prejudice.  The Parties then reached a Settlement and sought this Court's approval of that agreement.  (ECF No. 68.)  This Court concluded that before it could approve the Settlement Agreement, it was required to finally certify the collective action.  (ECF No. 71.)  The Court therefore denied the Motion for Approval of Settlement Agreement without prejudice.  The Parties subsequently field a Joint Motion for Final Certification of Collective Action (ECF No. 72), which this Court granted (ECF No. 73).  The Parties now renew their request for this Court's approval of the Settlement Agreement.  (ECF No. 74.)

## II.     LEGAL STANDARD AND APPLICATION

### A.  Collective Action Settlement

Courts have held that settlements of FLSA actions such as this one must or may require court approval.[1]  *Cooper v. OFS 2 Deal 2, LLC*, No. 15-cv-01291-RM-NYW, 2016 WL 1071002, at *2 (D. Colo. Mar. 17, 2016); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.,* Case No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014).  Approval may be granted when: (1) the

---

[1] The issue of whether an FLSA settlement requires court approval has not yet been settled by the Tenth Circuit. The Court also recognizes the decisions in this District are not uniform regarding any requirements for approval of settlement agreements brought under the FLSA.

FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Cooper*, 2016 WL 1071002, at *2; *Lynn's Food Stores*, 679 F.2d at 1354; *Baker*, 2014 WL 700096, at *1. In addition, the "Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power." *Baker*, 2014 WL 700096 at *2. To determine whether a settlement agreement complies with the FLSA, the court evaluates the following factors: "(1) the presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA." *Baker*, 2014 WL 700096 at *2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). Finally, before approval of any settlement may be had, final collective action certification may be required, as well as notice to opt-in plaintiffs of any settlement and an opportunity to object. *Ostrander v. Customer Engineering Servs., LLC*, No. 15-cv-01476-PAB-MEH, 2018 WL 1152265, at *2 (D. Colo. Mar. 5, 2018).

### B. Attorney's Fees under the FLSA

The FLSA requires any judgment to include an award of reasonable attorney's fees and the costs of the action. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Court has discretion to determine the amount and reasonableness of the fee to be awarded. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1173 (D. Colo. 2018).

The two primary methods for determining attorney-fee awards in common-fund cases are the percentage-of-the-fund method and the lodestar method. *See Chieftain Royalty Co. v.*

*Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017) (discussing

fee awards in class actions).  The Tenth Circuit has expressed a preference for the percentage-of-

the-fund approach in common fund cases.  *Id.*  To determine the appropriate percentage, the

Tenth Circuit considers the twelve factors first announced in *Johnson v. Georgia Highway*

*Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (commonly called the *Johnson* factors).  Those

factors are:

> [1] the time and labor required, [2] the novelty and difficulty of the question
> presented by the case, [3] the skill requisite to perform the legal service properly,
> [4] the preclusion of other employment by the attorneys due to acceptance of the
> case, [5] the customary fee, [6] whether the fee is fixed or contingent, [7] any time
> limitations imposed by the client or the circumstances, [8] the amount involved
> and the results obtained, [9] the experience, reputation and ability of the attorneys,
> [10] the "undesirability" of the case, [11] the nature and length of the professional
> relationship with the client, and [12] awards in similar cases.

*Chieftain Royalty Co.*, 888 F.3d at 458 (quoting *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th

Cir. 1994)).

## III.    APPLICATION

### A. Collective Action Settlement

The Court considers the pertinent factors in turn.

#### 1. Bona Fide Dispute

The record supports that a bona fide dispute exists between the Parties as to liability and

damages on Plaintiffs' claims based on Stallion's alleged actions.  The nature of the dispute is

clearly presented, and each side has presented justification for its position regarding the Plaintiffs'

entitlement, or lack of entitlement, to overtime payments for travel time.  It is clear from the

record that a resolution of this case would require significant litigation and both sides would run

financial risks by continuing to prosecute this case. The Court therefore concludes that a bona fide

dispute exists.  *See Davis*, 292 F.Supp.3d at 1172 (analyzing this factor).

### 2. Fair and Reasonable

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales." *Baker*, 2014 WL 700096, at *2. The Court considers several factors when evaluating the fairness of a settlement, including:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Id.* (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)); *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) (evaluating fairness of agreement under Fed. R. Civ. P. 23(e)(1)(C)). The Parties assert that, in this case, these factors demonstrate that the Settlement is fair and reasonable, and the Court agrees.

The Court concludes that the Settlement was fairly and honestly negotiated after more than two years of litigation. The Settlement was negotiated by experienced counsel, and there is no evidence that the Settlement was anything other than the result of arm's-length negotiations. In addition, significant questions of law remain as to whether the Plaintiffs are entitled to payment for travel time, which places the ultimate outcome of the case in doubt. As the Parties also note, proceeding to trial in this case would likely take at least an additional year. This Settlement agreement provides the Plaintiffs with compensation now, without the need for lengthy litigation. Finally, the Parties themselves have concluded that this Settlement is fair, and "this Court should not substitute its own judgment for that of the parties." *Farley v. Family Dollar Stores, Inc.*, No. 12-cv-000325-RM-MJW, 2014 WL 5488897, *3 (D. Colo. Oct. 30, 2014). The Parties have notified the members of the collective action of the Settlement, and no member has raised any objections. (ECF No. 72.) On this record, therefore, the Court concludes that the Settlement is fair and reasonable.

### 3. Whether the Proposed Settlement Undermines the Purposes of the FLSA

The record shows that no other similarly situated employees have sought to join this action, nor is there any evidence that Stallion's alleged failure to comply with the FLSA is part of a continuing violation or widespread conduct. *See Baker*, 2014 WL 700096, at *2. Furthermore, the Parties represent that all 15 members of the collective action are former employees of Stallion, and thus will not experience a recurrence of the same circumstances. *See id.* The Court concludes, therefore, that this Settlement is consistent with the purposes of the FLSA.

### B. Attorney Fees and Incentive Award

The Court next examines the reasonableness of the attorney fees and incentive award, which are each included in the Settlement. The total settlement amount is $100,000 and the contingent attorney fee and costs award is set as $38,002.80, which includes approximately $35,000 for fees and the remainder for costs. (ECF Nos. 68, 68-1.) That works out to approximately 35% of the settlement total in attorney fees. In addition, in compensation for serving as the Lead, or Representative Plaintiff, the Settlement provides a $5,000 incentive aware for Felts.

### 1. Attorney Fees

The Plaintiffs' attorney represents that he has spent approximately 90 hours working on this case. (ECF No. 68.) After deducting costs, the fee award in this case works out to approximately $390 per hour. Counsel notes that he has over 25 years of experience in an extremely specialized practice area. And he asserts that an hourly rate of $390 is reasonable for attorneys of his level of expertise.

Thirty-five percent of the total common fund is within the range the customary fee awards entered in similar cases in this District. *See, e.g. Farley*, 2014 WL 5488897 at *4 (approving a

fee and cost award of approximately 33% of the total settlement); *Aragon v. Clear Water Prods. LLC*, No. 15-cv-02821-PAB-STV, 2018 WL 6620724, *4 (D. Colo. Dec. 18, 2018) (approving an attorney fees award of between 32% and 33% of the total settlement amount in an FLSA case); *Whittington v. Taco Bell of America, Inc.*, No. 10-cv-01884-KMT, 2013 WL 6022972, *6 (D. Colo. Nov. 13, 2013) (approving a combined fee and costs award of approximately 39% of the total settlement amount).

Based on the foregoing, the Court concludes that the attorney fee award is reasonable in this case and that the costs incurred in this litigation should be awarded.

### 2. Incentive Award

The Settlement provides for a payment of $5000 to Felts in recognition of the facts that he has been involved in this case since the inception, he has been instrumental in identifying the alleged wage violations and assisting to build the case, and his agreement to bring this case as a collective action significantly delayed his own compensation.  (ECF No. 68.)

"[C]ourts regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case." *Chieftain Royalty Co.*, 888 F.3d at 468.  According to Newberg on Class Actions, between 2006 and 2011, the median incentive award per plaintiff was $5,250 while the mean award per plaintiff was $11,697.  5 Newberg on Class Actions, § 17:8 (5th ed.).  The Court concludes that, in this case, $5,000 reasonably compensates Felts for his contributions to this litigation which, as previously noted, has already spanned over two years.  Furthermore, no member of the collective action has objected to the payment.  The Court therefore approves the incentive payment to Felts.

### IV.    CONCLUSION

Based on the foregoing, it is **ORDERED**:

(1) That the Joint Motion to Renew Consideration of Joint Motion for Approval of Settlement Agreement (ECF No. 74) is GRANTED;

(2) That the Joint Motion for Approval of Settlement Agreement (ECF No. 68) is GRANTED;

(3) That as Plaintiffs' claims arise in part under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., the executed Settlement Agreement has been reviewed by this Court and is hereby APPROVED;

(4) That the Court retains jurisdiction over the Settlement Agreement, including the consummation, performance, administration, effectuation, and enforcement of the Agreement as approved by this Order; and

(5) That after full payment, the Parties shall file a joint motion to dismiss with prejudice.

DATED this 2nd day of February, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge